IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY CONTE, et al., | Case No. 1:12-cv-0006 LJO GSA |
| Plaintiffs, | ORDER ON DEFENDANT'S MOTION TO DISMISS |
| vs. | (Doc. 18) |
| JAKKS PACIFIC, INC., | |
| Defendant. | |

Plaintiffs Shelly Conte and Cindy Reichman (collectively "Plaintiffs") have brought an action for patent infringement against Defendant Jakks Pacific, Inc. ("Defendant"). Now pending before the Court is Defendant's motion to dismiss. Plaintiffs have opposed the motion, and Defendant has filed a reply. Upon careful consideration of the parties' submissions and the entire record in this case, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss.

**I.   BACKGROUND**

Plaintiffs are the exclusive licensees of all right, title, and interest in United States Patent No. 6,494,457 ("the '457 Patent"). The '457 Patent relates to (1) an object that is capable of being hidden, (2) a transmitter unit associated with the hidden object, and (3) a seeker unit containing a receiver and a means for calculating the distance between the seeker unit and the transmitter unit. Plaintiffs have incorporated the patent into a toy doll that they manufacture, "the Hide-N-Seek Hayley," which allows a child to play an interactive game of hide and seek by relaying clues to the child based on his or her proximity to the doll.

In 2003, Plaintiffs contacted and submitted information to Play Along Toys for the purpose of marketing the Hide-N-Seek Hayley.[1] No deal materialized, and Plaintiffs did not have further contact with Play Along Toys for the next few years. In 2006, however, Plaintiffs discovered that Defendant had released two "Hide 'N Seek Care Bear" toys that were similar in both design and function to the Hide-N-Seek Hayley. Like the Hide-N-Seek Hayley, the Hide 'N Seek Care Bear consisted of: (1) a plush toy doll capable of being hidden; (2) a transmitter device attached to the toy doll; and (3) a seeker unit capable of receiving various clues depending on its proximity to the toy doll. Plaintiffs contacted Play Along Toys and asserted that the company was selling Plaintiffs' concept and invention. Despite Plaintiffs' insistence that Play Along Toys "do the right thing," the two parties were unable to resolve or settle this dispute.

On December 30, 2012, Plaintiffs filed suit for direct and indirect patent infringement. After Plaintiffs filed an amended complaint in this action as a matter of right, Defendant responded by filing the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant seeks dismissal of all claims. Plaintiffs filed an opposition on May 31, 2012, and Defendant filed a reply on June 7, 2012. On June 12, 2012, the Court found this matter to be suitable for decision without oral argument and took the matter under submission pursuant to Local Rule 230(g).

**II.    DISCUSSION**

**A.    Applicable Legal Standard**

The parties disagree on the applicable legal standard for a Rule 12(b)(6) motion to dismiss with respect to patent infringement. Defendant argues that the "facial plausibility" standard set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) is the appropriate standard. Meanwhile, Plaintiffs maintain that Form 18 in the Appendix of the Federal Rules of Civil Procedure provides the relevant standard. Plaintiffs argue that so long as their amended complaint mirrors Form 18, it is sufficient to withstand a motion to dismiss under Rule 12(b)(6) for failure to state a claim.

A motion to dismiss pursuant to Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Where there is a "lack of a cognizable legal theory" or an

---

[1] In their opposition, Plaintiffs indicate that Defendant does business as Play Along Toys.

2

"absence of sufficient facts alleged under a cognizable legal theory," dismissal of the claim is proper. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Form 18 in the Appendix to the Federal Rules of Civil Procedure is a form complaint for patent infringement. Under Form 18, a plaintiff is simply required to state five elements to plead a claim for patent infringement: (1) a statement of the court's jurisdiction; (2) that the plaintiff owned the patent during the time of the infringement; (3) that the defendant infringed the patent by making, selling, and using a product that embodies the patent; (4) that the plaintiff placed notice of its patent on its products and provided the defendant notice of its infringement; and (5) a demand for damages and/or injunctive relief. See Fed. R. Civ. P. Form 18; McZeal v. Spring Nextel Corp., 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (outlining the elements of Form 18, which was then Form 16). Pursuant to Federal Rule of Civil Procedure 84, Form 18 and any other form complaint contained in the Appendix to the Federal Rules of Civil Procedure are sufficient for pleading purposes and are intended to survive a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P. 84, advisory committee notes, 1946 amend. ("The amendment serves to emphasize that the form[] [complaints] contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and that the practitioner using them may rely on them to that extent.").

Despite Rule 84, numerous district courts have questioned the continued validity of Form 18 in light of the Supreme Court's pronouncements on federal pleading in both Twombly and Iqbal. There, the Supreme Court stated that to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough "factual matter" to state a claim that is "plausible on its face" and "[t]hreadbare recitations of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555, 570). As several district courts have pointed-out, the allegations included in Form 18 entail little factual content and amount to little more than conclusory statements. For example, Form 18 does not require a plaintiff to allege any facts as to how the defendant's product actually infringes a patent; Form 18 only requires a plaintiff to state that the defendant's product "embodies" the plaintiff's patent. Fed. R. Civ. P. Form 18. Therefore, several district courts have concluded that the allegations in Form 18 fail to satisfy the pleading standard set forth in Twombly and Iqbal and are subject to dismissal under Rule 12(b)(6). See, e.g., Proxyconn Inc.

v. Corp., SACV 11-1681 DOC (ANx), 2012 U.S. Dist. LEXIS 70614, at *5 (C.D. Cal. May 16, 2012) ("[T]hreadbare recitations of the language in Form 18 is no longer sufficient to state a claim [for direct patent infringement]."); PageMelding, Inc. v. ESPN, Inc., Case No. C 11-6263 WHA, 2012 U.S. Dist. LEXIS 33605, at *5 (N.D. Cal. Mar. 13, 2012) ("Form 18 requires nothing more than the 'defendant-unlawfully-harmed-me-accusation' expressly rejected in Iqbal."); Medsquire LLC v. Spring Med. Sys. Inc., Case No. 2:11-cv-4504-JHN-PLA, 2011 U.S. Dist. LEXIS 107416, at *7 (C.D. Cal. Aug. 31, 2011) ("Merely naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the 'plausibility' standard set forth in Twombly and Iqbal.").

The Federal Circuit's initial foray into this issue offered little guidance as to how to reconcile the apparent tension between Twombly and Iqbal on one hand and Rule 84 and Form 18 on the other. In McZeal, supra, the Federal Circuit concluded that a *pro se* plaintiff's claim for patent infringement survived a motion to dismiss for failure to state a claim where the plaintiff's complaint was modeled after Form 18 (then Form 16). The Federal Circuit reasoned that under Twombly, a plaintiff need only plead facts sufficient to place the defendant on notice as to what he must defend and that Form 18 was sufficient in this regard. See McZeal, 501 F.3d at 1357. Nevertheless, as numerous district courts have noted, the import of the Federal Circuit's decision appeared limited. First, McZeal was decided in the context of a *pro se* plaintiff's complaint, which McZeal made clear is held to a less stringent pleading standard than pleadings drafted by lawyers. Id. at 1356. Second, McZeal was decided after Twombly but before Iqbal, and therefore was decided during a time when there was still some uncertainty as to whether Twombly's pleading standard applied outside the antitrust context.[2] In fact, in an unpublished opinion filed after the Supreme Court's decision in Iqbal, the Federal Circuit suggested that Form 18 may no longer be valid in light of Iqbal. See Colida v. Nokia, Inc., 347 Fed. Appx. 568, 571 n.2 (Fed. Cir. 2009) ("Form 18 is a sample pleading for patent infringement, but . . . was last updated before the Supreme Court's Iqbal decision.").

The Federal Circuit has since clarified its position. The Federal Circuit recently affirmed that a complaint modeled after Form 18 cannot be successfully attacked by a motion to dismiss under Rule

---

[2] Twombly established the facial plausibility standard in the context of § 1 of the Sherman Act, 15 U.S.C. § 1. Iqbal applied the pleading standard in a civil rights action, thereby making it clear that the requirement of facial plausibility, as set forth in Twombly, was not confined to antitrust pleadings.

4

12(b)(6). See R+L Carriers, Inc. v. DriverTech LLC, Appeal No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *19-20 (Fed. Cir. June 7, 2012).[3] The Federal Circuit reasoned:

> The language of Rule 84 and the Advisory Committee Notes make clear that a pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked. As the Supreme Court has noted, moreover, any changes to the Federal Rules of Civil Procedure must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. *Accordingly, to the extent the parties argue that Twombly and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control*.

Id. at *19-20 (internal quotation marks and citations omitted) (emphasis added). The Federal Circuit concluded that "[a]s long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18, the complaint has sufficiently pled direct infringement." Id. at *26. However, because Form 18 only concerns *direct* infringement, any allegation of *indirect* infringement must still be evaluated under Twombly and Iqbal. Id. at *27.

This Court finds the Federal Circuit's decision in R+L Carriers persuasive.[4] Rule 84 and Form 18 cannot be invalidated by the Supreme Court's decisions in Twombly or Iqbal. Altering the Federal Rules of Civil Procedure must be accomplished through the process of amending the rules, not through judicial interpretation. See Twombly, 550 U.S. at 569 n.14; see also Hill v. McDonough, 547 U.S. 573, 582 (2006). Therefore, this Court joins those courts that have concluded that a plaintiff must meet the pleading standard set forth in Twombly and Iqbal to allege a claim for indirect patent infringement, but need only comport with Form 18 to plead a claim for direct patent infringement. See, e.g., Microsoft Corp. v. Phoenix Solutions, Inc., 741 F. Supp. 2d 1156 (C.D. Cal. 2010); DR Sys. v. Avreo, Inc., Case No. 11-CV-0932 BEN (WVG), 2012 U.S. Dist. LEXIS 44116 (S.D. Cal. Mar. 29, 2012); Guzik Tech. Enters. v. Western Digital Corp., Case No. 11-CV-03786-PSG, 2011 U.S. Dist. LEXIS 138967 (N.D. Cal. Dec. 2, 2011); Tech. Licensing Corp. v. Technicolor USA, Inc., No. CIV 2:03-01329 WBS EFB, 2010 U.S. Dist. LEXIS 113292 (E.D. Cal. Oct. 18, 2010).

With these standards in mind, the Court turns to the adequacy of Plaintiffs' allegations of direct and indirect patent infringement.

---

[3] The Federal Circuit's decision was published after the parties filed their submissions for this motion.

[4] A Rule 12(b)(6) motion raises a "purely procedural question" that is controlled by the law of the circuit in which the federal court sits, not the law of the Federal Circuit. See McZeal, 501 F.3d at 1356-57. Therefore, the Federal Circuit's decision in R+L Carriers, which was decided under Sixth Circuit law, is not binding on this Court.

5

### B. Direct Infringement

As noted above, to assert a claim for direct infringement, Form 18 requires a plaintiff to plead: (1) a statement of the court's jurisdiction; (2) that the plaintiff owned the patent-in-suit during the time of the infringement; (3) that the defendant infringed the patent by making, selling, and using a product that embodies the patent; (4) that the plaintiff placed notice of its patent on its products and provided the defendant notice of its alleged infringement; and (5) a demand for damages and/or injunctive relief. See Fed. R. Civ. P. Form 18; McZeal, 501 F.3d at 1356-57. Plaintiffs' amended complaint satisfies all these requirements. Paragraphs four through six provide a statement of jurisdiction and venue. (Doc. 17, Pls.' Am. Compl., ¶¶ 4-6.) Paragraph seven alleges that Plaintiffs enjoy exclusive right, title, and interest in the '457 Patent. (Id. ¶ 7.) Paragraphs 21 through 24 allege that the Hide 'N Seek Care Bear "embodies" Plaintiffs' patent in that it consists of: (1) a doll capable of being hidden; (2) a transmitter device attached to the doll; and (3) a seeker device capable of receiving various clues depending on its proximity to the doll. (Id. ¶¶ 21-24.) Paragraph 30 alleges that Plaintiffs placed notice of its patent on all of its products, and paragraph 15 alleges that Plaintiffs notified Defendant of its infringement. (Id. ¶¶ 15, 30.) Finally, Plaintiffs have included in their amended complaint a prayer for monetary damages and injunctive relief. (Id. at 10-11.)

Accordingly, because Plaintiffs' allegations are at least as detailed as those required under Form 18, Defendant's motion to dismiss is DENIED with respect to this claim.[5]

### C. Indirect Infringement

In response to Defendant's motion to dismiss, Plaintiffs have abandoned their claim for indirect infringement. (Doc. 20, Pls.' Opp'n, at 13.) Accordingly, Defendant's motion to dismiss is GRANTED with respect to this claim.

### III. CONCLUSION

For all the reasons discussed above, the Court:

1. DENIES Defendant's motion to dismiss with respect to Plaintiffs' claim for direct patent infringement;

---

[5] Plaintiffs' direct infringement claim encompasses two theories of liability: literal infringement and infringement under the doctrine of equivalents. Compliance with Form 18 is sufficient to plead both theories. See McZeal, 501 F.3d at 1357; Wright Mfg., Inc. v. Toro Co., Civ. No. MJG-11-1373, 2011 U.S. Dist. LEXIS 142973, at *7 (D. Md. Dec. 13, 2011).

1  2. GRANTS Defendant's motion to dismiss with respect to Plaintiffs' claim for indirect patent infringement; and

3. ORDERS Defendant to file and serve an answer within fourteen days of the date of this order.  <u>See</u> Fed. R. Civ. P. 12(a)(4)(A).

<u>IT IS SO ORDERED.</u>

**Dated:    June 19, 2012**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE