IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY CONTE, et al., | Case No. 1:12-cv-0006 LJO GSA |
| Plaintiffs, | ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL |
| vs. | |
| JAKKS PACIFIC, INC., | (Doc. 25) |
| Defendant. | |

Currently pending before the Court is Defendant Jakks Pacific, Inc.'s ("Defendant's") motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiffs Shelly Conte and Cindy Reichman (collectively "Plaintiffs") have opposed the motion, and Defendant has filed a reply. After careful consideration of the parties' arguments, the Court DENIES the motion.

**I.     BACKGROUND**

This case involves a dispute regarding United States Patent No. 6,494,457 ("the '457 Patent"). Plaintiffs are the exclusive licensees of the '457 Patent and have incorporated the patent into a toy doll that they manufacture and distribute, "the Hide-N-Seek-Hayley." Plaintiffs claim that Defendant's toy dolls, "the Hide 'N Seek Care Bears," infringe on the '457 Patent in that the Hide 'N Seek Care Bears are similar in both design and function to the Hide-N-Seek-Hayley. According to Plaintiffs, the Hide 'N Seek Care Bears, like the Hide-N-Seek-Hayley, consist of (1) a plush doll capable of being hidden, (2) a transmitter unit attached to the doll, and (3) a seeker unit capable of receiving information based on its proximity to the doll.

On April 20, 2012, Defendant moved to dismiss Plaintiffs' claims for direct and indirect patent infringement. Defendant argued that Plaintiffs failed to satisfy the pleading standard set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). In particular, Defendant argued that Plaintiffs failed to plead facially plausible claims for direct and indirect patent infringement because Plaintiffs failed to allege that Defendant's toys operate by calculating changes in distance between the doll and the seeker unit, allegedly a critical aspect of the '457 Patent. Plaintiffs countered that their complaint mirrored Form 18, the form complaint for patent infringement in the Appendix to the Federal Rules of Civil Procedure, and therefore it was sufficient to withstand a motion to dismiss for failure to state a claim.

The Court granted in part and denied in part Defendant's motion to dismiss. After surveying decisions by the Federal Circuit and district courts in the Ninth Circuit, this Court concluded that the allegations set forth in Form 18, despite being conclusory and seemingly in tension with the pleading standard espoused by the Supreme Court in Twombly and Iqbal, are sufficient to plead a claim for direct patent infringement but are insufficient to plead a claim for indirect patent infringement. In reaching this conclusion, the Court found the Federal Circuit's reasoning in In re Bill of Lading Transmission & Processing Sys. Patent Litigation, 681 F.3d 1323 (Fed. Cir. 2012) persuasive:

> The language of [Federal Rule of Civil Procedure] 84 and the Advisory Committee Notes make clear that a pleading, motion, or other paper that follows one of the Official Forms [such as Form 18] cannot be successfully attacked. As the Supreme Court has noted, moreover, any changes to the Federal Rules of Civil Procedure must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. Accordingly, to the extent the parties argue that Twombly and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control.

Id. at 1334. The Federal Circuit went on to conclude, as this Court did, that the allegations set forth in Form 18 are sufficient to plead a claim for direct patent infringement; however, because Form 18 only addresses direct patent infringement, any claim for indirect patent infringement must comply with the pleading standard set forth in Twombly and Iqbal. Id. at 1334, 1336-37.

On June 29, 2012, Defendant filed the instant motion for certification of interlocutory appeal. Defendant requests that the Court certify for appeal the question of whether the pleading standard set forth in Twombly and Iqbal applies to claims for direct patent infringement notwithstanding Form 18. Defendant also requests that the Court stay this action pending resolution of the appeal.

2

## II. LEGAL STANDARD

A district court may certify for appeal an otherwise unappealable, interlocutory order pursuant to 28 U.S.C. § 1292(b). Certification is appropriate where the court is of the opinion that its order (1) involves a controlling question of law, (2) as to which there is substantial ground for a difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

The burden of showing that these circumstances exist is a heavy one. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). Section 1292(b) is a departure from the normal rule that only final judgments are appealable, a rule that ordinarily promotes the efficient use of judicial resources through a division of labor between the district courts and the court of appeals. McFarlin v. Conseco Services, 381 F.3d 1251, 1259 (11th Cir. 2004). Therefore, the Ninth Circuit has stressed that § 1292(b) is to be applied sparingly and only in exceptional situations in which an interlocutory appeal would help avoid protracted and expensive litigation. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982); United States Rubber Co. v. Wright, 359 F.2d 784, 785 n.2 (9th Cir. 1966) (per curiam). Section 1292(b) should not be applied where such would simply create burdensome, piecemeal appeals. See White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

## III. DISCUSSION

It is clear that there is substantial ground for a difference of opinion regarding the question of law at issue here, i.e., whether allegations consistent with Form 18 are sufficient to plead a claim for direct patent infringement. There is no controlling law.[1] Moreover, district courts in the Ninth Circuit have reached varying conclusions on the issue. Compare Microsoft Corp. v. Phoenix Solutions, Inc., 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) (concluding that allegations consistent with Form 18 are sufficient); Discflo Corp. v. Am. Process Equip., Inc., Case No. 11-cv-00476 BTM (RBB), 2011 U.S.

---

[1] While the Federal Circuit squarely decided this issue in In re Bill of Lading Transmission & Processing Sys. Patent Litigation, 681 F.3d 1323 (Fed. Cir. 2012), the case is not binding on this court. The Federal Circuit has made it clear that whether allegations consistent with Form 18 are sufficient to withstand a motion to dismiss for failure to state a claim is a purely procedural question not pertaining to patent law. McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). As such, the controlling law is that of the regional circuit in which the federal court sits, not the law of the Federal Circuit. See id. at 1356. The Federal Circuit's decision in In re Bill of Lading Transmission & Processing Sys. Patent Litigation, which was decided under Sixth Circuit law, is therefore strongly persuasive authority but is not binding on this Court. See 681 F.3d at 1331.

3

1  Dist. LEXIS 149424, at *4-5 (S.D. Cal. Dec. 29, 2011) (same); Elen IP LLC v. ArvinMeritor, Inc., Case
2  No. C 11-00140-RSM, 2011 U.S. Dist. LEXIS 92563, at *12-14 (W.D. Wash. Aug. 18, 2011) (same);
3  Kelora Sys., LLC v. Target Corp., No. C 11-01548 CW, 2011 U.S. Dist. LEXIS 58332, at *8-10 (N.D.
4  Cal. May 31, 2011) (same); with Avocet Sports Tech., Inc. v. Garmin Int'l., Inc., NO. C 11-04049 JW,
5  2012 U.S. Dist. LEXIS 51650, at *9-10 (N.D. Cal. Mar. 22, 2012) (rejecting argument that Form 18 is
6  sufficient and requiring claim for direct infringement to be pleaded in accordance with Twombly and
7  Iqbal); PageMelding, Inc. v. ESPN, Inc., No. C 11-06263 WHA, 2012 U.S. Dist. LEXIS 33605, at *3-6
8  (N.D. Cal. Mar. 13, 2012) (same); Medsquire LLC v. Spring Med. Sys., Case No. 2:11-cv-04504-JHN-
9  PLA, 2011 U.S. Dist. LEXIS 107416, at *3-7 (N.D. Cal. Aug. 31, 2011) (same).

10       The appropriateness of an interlocutory appeal on this question of law therefore hinges on (1)
11  whether the issue is "controlling" and (2) whether its resolution may materially advance the ultimate
12  termination of the case.  An issue is "controlling" if its resolution could materially affect the outcome
13  of the litigation.  In re Cement Antitrust Litigation, 673 F.2d at 1026.  A case's ultimate termination is
14  materially advanced when, for example, trial is avoided or the time to litigate a matter is substantially
15  shortened.  McFarlin, 381 F.3d at 1259.  Cf. Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347,
16  1348 (9th Cir. 1988) (interlocutory appeal under § 1292(b) inappropriate where such would delay the
17  resolution of the litigation).

18       After a careful review of the record, the Court is convinced that an interlocutory appeal would
19  not affect the outcome of this case.  Assuming that the appeal is accepted and resolved in Defendant's
20  favor, the case will be remanded to this Court to decide whether Plaintiffs' allegations state a facially
21  plausible claim for direct patent infringement under the pleading standards set forth in Twombly and
22  Iqbal. Assuming then that the Court finds Plaintiffs' allegations insufficient under these standards, the
23  case will *not* be terminated as Defendant surmises.  Instead, Plaintiffs will be afforded an opportunity
24  to amend their pleadings.  See Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv. Inc.,
25  911 F.2d 242, 247 (9th Cir. 1990) ("[I]n dismissals for failure to state a claim, a district court should
26  grant leave to amend even if no request to amend the pleading was made, unless it determines that the
27  pleading could not possibly be cured by the allegation of other facts.") (citing Bonanno v. Thomas, 309
28  F.2d 320, 322 (9th Cir. 1962)).

It is apparent from Plaintiffs' proposed second amended complaint that Plaintiffs will be able to amend their pleadings to cure the alleged factual deficiency.[2] As noted above, Defendant argues that Plaintiffs fail to state a claim for direct patent infringement because they fail to allege one critical fact: that Defendant's dolls operate by calculating changes in distance between the doll and the seeker unit. (See Doc. 18, Def.'s Mot. to Dismiss, at 4-5.) In response, Plaintiffs propose to amend their pleadings to include that fact:

> Upon information and belief, Defendant's product utilizes the same technology as identified in Claim No. 9 of Plaintiff's [sic] Patent No. '457, to include:
>
> * * *
>
> A seeker unit associated with the game participant, said seeker unit having a receiver therein for receiving said signal from said transmitter unit; *said seeker unit comprising a calculating means for determining a first distance between said seeker unit and said object, a second distance between said seeker unit and said object and a relative change in distance*, said seeker unit further comprising a speaker for transmitting one or more messages to the game participant[.]

(Doc. 20-1, Pls.' Proposed Second Amended Compl., ¶ 28) (emphasis added). This effectively negates Defendant's sole argument for dismissal.

Thus, in the end, the parties will be in the same position that they are in today: Plaintiffs' claim for direct patent infringement will have survived the pleading stage, and Defendant will be required to file an answer to the claim. The only consequence of the interlocutory appeal would be the substantial amount of time and resources consumed in resolving the appeal. Such use of time and resources does not materially advance the termination of the case; it simply impedes it. See White, 43 F.3d at 378-79 ("When litigation will be conducted in substantially the same manner regardless of [any decision that is rendered on appeal], the appeal cannot be said to materially advance the ultimate termination of the litigation."); Shurance, 839 F.2d at 1348 (interlocutory appeal is inappropriate where such would only result in delay); Gottesman v. General Motors Corp., 268 F.2d 194, 196 (2d Cir. 1959) (explaining that challenges to a court's decision to uphold pleadings in the face of a motion to dismiss for failure to state a claim are rarely effective in advancing the termination of the litigation and therefore are disfavored grounds for an interlocutory appeal).

---

[2] In opposing Defendant's motion to dismiss, Plaintiffs requested leave to amend their pleadings in the event the Court granted the motion to dismiss. (Doc. 20, Pls.' Opp'n, at 13.) Plaintiffs also attached a copy of a proposed second amended complaint to their opposition. (Doc. 20-1.)

5

## IV. CONCLUSION

In conclusion, this case does not present the sort of exceptional circumstances required for an interlocutory appeal under 28 U.S.C. § 1292(b). An interlocutory appeal would not affect the outcome of this case, nor would it materially advance the ultimate termination of this case. Accordingly, the Court DENIES Defendant's motion for certification of interlocutory appeal in its entirety.

IT IS SO ORDERED.

**Dated:   July 27, 2012**           /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE