1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHELLY CONTE, an individual; CINDY REICHMAN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JAKKS PACIFIC, INC., a Delaware corporation, and DOES 1 TO 25, <br><br> Defendants. | 1:12-CV-00006-LJO-GSA <br><br> **ORDER ON MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** (Doc. 49) |
| JAKKS PACIFIC, INC., a Delaware corporation, <br><br> Counter-Claimant, <br><br> v. <br><br> SHELLY CONTE, an individual; and CINDY REICHMAN, an individual, <br><br> Counter-Defendants. | |

**INTRODUCTION**

Plaintiffs Shelly Conte and Cindy Reichman (collectively "Plaintiffs") have brought an action for patent infringement against Defendant Jakks Pacific, Inc. ("Defendant" or "Jakks"). Jakks has filed counterclaims against Plaintiffs. This Court granted in part with leave to amend and denied in part Plaintiffs' motion to dismiss four of Jakks' five counterclaims. Now pending before the Court is Plaintiffs' motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). After careful consideration of the parties' arguments, the Court DENIES Plaintiffs' motion.

1

**BACKGROUND**

**A. Facts**

This case involves a dispute regarding United States Patent No. 6,494,457 ("the ′457 Patent"). Plaintiffs are the exclusive licensees of the ′457 Patent and have incorporated the patent into a toy doll that they manufacture and distribute, "Hide–N–Seek–Hayley."  Plaintiffs claim that Jakks' toy dolls, "Hide 'N Seek Care Bears," infringe on the ′457 Patent in that the Hide 'N Seek Care Bears are similar in both design and function to the Hide–N–Seek–Hayley.  According to Plaintiffs, the Hide 'N Seek Care Bears, like the Hide–N–Seek–Hayley, consist of (1) a plush doll capable of being hidden, (2) a transmitter unit attached to the doll, and (3) a seeker unit capable of receiving information based on its proximity to the doll.[1]

On or about December 22, 2010, Plaintiffs, through counsel, sent a letter ("the December 22 letter") to several of Jakks' customers, including Toys 'R Us and Target, through whom Jakks was marketing Hide 'N Seek Care Bear dolls.  The letter stated that "[t]he concept and design for [Hide 'N Seek Care Bear] and its capabilities are nearly identical to those of Hide 'N Seek Hayley, which is patented, trademarked, and copyrighted to Ms. Shelly Conte and Ms. Cindy Reichman" and requested that the stores provide sales information for the Care Bear toys.

**B. Procedural History**

Plaintiffs filed their original complaint in this case on December 20, 2011.  They filed an amended complaint on April 3, 2012.  Defendant Jakks filed an answer and counterclaims on August 13, 2012.  Plaintiffs filed a motion to dismiss four of Jakks' five counterclaims on September 27, 2012. On December 10, 2012, this Court granted in part with leave to amend and denied in part Plaintiffs' motion to dismiss.  Plaintiffs filed the instant motion for certification of interlocutory appeal on December 19, 2012, and Jakks filed an opposition on January 10, 2013.

Plaintiffs and Defendant have also engaged in other litigation relating to Jakks' alleged infringement of Plaintiffs' '457 patent.  Relevant to the instant motion, Jakks previously brought action against plaintiffs Conte and Reichman in district court in New Jersey seeking declaratory relief.   On

---

[1] Plaintiffs claim that "[i]t is also uncontested that Jakks was selling a toy that was 'nearly identical' to the toy made by Counter-Defendants using Counter-Defendants' '457 patent."  Plaintiffs are mistaken.  Jakks vehemently contests the level of similarity between its toy and Plaintiffs' toy.  In fact, this disagreement is at the heart of this litigation.

December 30, 2011, the New Jersey district court granted Conte and Reichman's motion to dismiss for lack of personal jurisdiction over them. *Jakks Pacific v. Conte and Reichman*, 2011 WL 6934856 (Dec. 30, 2011).

Having considered the parties' arguments and the relevant law, the Court issues this order.

## DISCUSSION

### A. Legal Standard

A district court may certify for appeal an otherwise unappealable, interlocutory order pursuant to 28 U.S.C. § 1292(b). Under § 1292(b), three criteria that must be met before a district court may certify an interlocutory appeal: the order must (1) involve a controlling question of law, (2) as to which there is substantial ground for a difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Section 1292(b) is a departure from the normal rule that only final judgments are appealable, a rule that ordinarily promotes the efficient use of judicial resources through a division of labor between the district courts and the courts of appeals. *McFarlin v. Conseco Services*, 381 F.3d 1251, 1259 (11th Cir.2004). Therefore, the Supreme Court has instructed that only "exceptional circumstances justify departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The Ninth Circuit likewise has stressed that § 1292(b) is to be applied sparingly and only in exceptional situations. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982); *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 n. 2 (9th Cir.1966) (per curiam). Other circuits also are in agreement. *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570,573 (1st Cir.2004) ("Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare."); *McFarlin*, 381 F.3d at 1259 ("Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."). *Weber v. U.S. Trustee*, 484 F.3d 154, 159, n. 3 (2nd Cir.2007) ("Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function.").

### B. Application of 28 U.S.C. § 1292(b) Standard

Plaintiffs ask this Court to certify an interlocutory appeal of the order granting in part with leave to amend and denying in part Plaintiff's motion to dismiss four of Jakks' five counterclaims.

3

1    Jakks argues that Plaintiffs fail to identify a controlling issue of law as to which there is a substantial

2    basis for a difference of opinion and therefore fail to meet the § 1292(b) standard.

3          Plaintiffs identify the following as a controlling question of law here: "Whether an issue

4    previously determined by a court can be re-litigated in a second court proceeding, and whether a

5    communication qualified as a 'cease and desist letter' can be litigated for a second time as defamatory

6    in nature."   In essence, Plaintiffs ask whether collateral estoppel may apply where the threshold

7    requirements for the doctrine have been met.   The Ninth Circuit has clarified that, "all that must be

8    shown in order for a question to be 'controlling' is that resolution of the issue on appeal could

9    materially affect the outcome of litigation in the district court."   *In re Cement Antitrust Litig*., 673 F.2d

10   1020, 1026 (9th Cir. 1981).   However, the resolution on appeal of the question identified by Plaintiffs

11   would not "materially affect the outcome of litigation in the district court" because, in framing the

12   question as such, Plaintiffs erroneously presume that the threshold requirements for collateral estoppel

13   have been fulfilled.   *Id.*.

14         As the Court explained in the order on Plaintiffs' motion to dismiss Jakks' counterclaims, the

15   threshold requirements for collateral estoppel in fact have *not* been met here.   The Supreme Court has

16   instructed that the doctrine of collateral estoppel may only apply where: (1) the issue sought to be

17   precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was

18   actually litigated in the former proceeding; (3) the issue was necessarily decided in the former

19   proceeding; and (4) the party against whom preclusion is sought is the same as, or in privity with, the

20   party to the former proceeding.   *Lucido v. Superior Court*, 51 Cal.3d 335, 342 (1990).   Plaintiffs

21   claimed in their motion to dismiss and again argue here that the New Jersey district court found the

22   December 22 letter to be non-defamatory.   Plaintiffs are mistaken.   Further, the issue was not close.

23   As this Court previously explained, Plaintiffs did not and cannot meet their burden of establishing the

24   threshold requirements for collateral estoppel solely based on the New Jersey district court opinion.

25   *Jakks Pacific v. Conte and Reichman*, 2011 WL 6934856 (Dec. 30, 2011).   This is because the issue of

26   whether the December 22 letter contained defamatory content was not litigated, it was not necessarily

27   decided by the New Jersey court's opinion on personal jurisdiction, and the New Jersey court properly

28   declined to make a ruling on that issue.   *Id.*

4

Plaintiffs further argue that, "had the New Jersey court found the December 22, 2010, correspondence to contain defamatory content, this finding of defamation would have been sufficient activity to warrant establishing personal jurisdiction."  The New Jersey court did, in a footnote, make factual distinctions regarding a Pennsylvania case where the court determined that it could exercise personal jurisdiction over a defendant based on defamatory statements she made about the plaintiff which were then republished in an affidavit.  *Id.* at note 11 (discussing *Giusto v. Ashland Chemical Co.*, 994 F.Supp. 587 (E.D.Pa.1998).  In particular, the New Jersey court did not find *Giusto* to be analogous because the language in the December 22 letter is significantly different from the alleged defamatory statements at issue in *Giusto*, and because a cease-desist letter is distinguishable from "an affidavit littered with defamatory comments."  *Id.*  However, as this Court previously explained, finding the language at issue to be distinguishable from alleged defamatory language in another case is different from finding that the language at issue is not defamatory.  Likewise, distinguishing a cease-and-desist letter from an affidavit "littered with defamatory comments" does not mean that cease-and-desist letters categorically cannot be defamatory.  Nor does it mean that the letter at issue is not defamatory.  Rather, the New Jersey court did not make any findings with regard to alleged defamatory content in the December 22 letter.  The court certainly made no findings on how it would have ruled under hypothetical circumstances.

Plaintiffs fail to identify a controlling question of law as to which there is substantial ground for a difference of opinion or that an immediate appeal from this Court's order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  As such, Plaintiffs fail to establish that "exceptional circumstances" exist here that would justify a "hen's-teeth rare" use of § 1292(b).  *Coopers & Lybrand*, 437 U.S. at 475; *Camacho*, 369 F.3d at 573.  Therefore, Plaintiffs' motion for certification of interlocutory appeal is DENIED.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Plaintiffs Conte and Reichman's

/ / /

/ / /

/ / /

5

1   motion for certification of interlocutory appeal of this Court's order on Plaintiffs' motion to dismiss

2   Defendant Jakks' counterclaims.

3

4

5   IT IS SO ORDERED.

6       Dated:   **January 22, 2013**          **/s/ Lawrence J. O'Neill**

7                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28